HANAUER AUTOMOBILE CO. v. PERCY EVANS.

ENTIRE EVIDENCE MUST BE IN BILL OF EXCEPTIONS TO ENABLE REVIEWING COURT TO POINT OUT ERRORS IN CHARGE.

The entire evidence not being set out in bill of exceptions, a reviewing court cannot say that the portions of the general charge to jury which are complained of were not properly given.

ERROR to Hamilton common pleas court.

The plaintiff below recovered a verdict for $250 against the automobile company on account of injuries from being struck by one of their autos.

**Paxton, Warrington & Seasongood,** for plaintiff in error:

Cited and commented upon the following authorities: *Latham* v. *Railway & Light Co.* 19 Dec. 333 (8 N. S. 185); *Cincinnati Traction Co.* v. *Forrest,* 73 Ohio St. 1 [75 N. E. Rep. 818]; *Cincinnati Traction Co.* v. *Kroger,* 30 O. C. C. 654 (10 N. S. 64); *Cincinnati Interurban Co.* v. *Haines,* 28 O. C. C. 443 (8 N. S. 77); *Drown* v. *Traction Co.* 76 Ohio St. 234 [81 N. E. Rep. 326; 10 L. R. A. (N. S.) 421; 118 Am. St. Rep. 844].

**Mitchell Wilby** and **C. B. Wilby,** for defendant in error:

Cited and commented upon the following authorities: *Cincinnati Traction Co.* v. *Forrest,* 73 Ohio St. 1 [75 N. E. Rep. 818]; *Cincinnati Traction Co.* v. *Stephens,* 75 Ohio St. 171 [79 N. E. Rep. 235]; *Frizzell* v. *Railway,* 124 Fed. Rep. 176; *Cincinnati Traction Co.* v. *Kroger,* 30 O. C. C. 654 (10 N. S. 64); *Cincinnati Interurban Co.* v. *Haines,* 28 O. C. C. 443 (8 N. S. 77); *Drown* v. *Traction Co.* 76 Ohio St. 234 [81 N. E. Rep. 326; 10 L. R. A. (N. S.) 421; 118 Am. St. Rep. 844].

**SMITH, J.**

Upon the authority of the Supreme Court in the recent case of *Duffy* v. *Box Co.* 81 Ohio St. 525, reversing *Queen City Box Co.* v. *Duffy,* 30 O. C. C. 819 (11 N. S. 69), the judgment of the trial court will be affirmed.

For aught that appears, the entire evidence not being set out in the bill of exceptions, we cannot say but that there was evidence upon which the court might properly charge as it did in those portions of the general charge complained of by plaintiff in error.

We do not think the court charged or intended to do so upon the doctrine of "last chance," but merely called the attention of the jury to the duty that was upon the defendant if he saw the automobile approaching.

Finding no error in the record, the judgment is affirmed.